# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3732
_____

United States of America

*Plaintiff - Appellee*

v.

Charles Michael Coles

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: June 13, 2016
Filed: June 17, 2016
[Published]

_____

Before RILEY, Chief Judge, MURPHY and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Charles Michael Coles pled guilty to conspiracy to commit mail fraud based on his defrauding his employer by means of false invoices from companies created by his

friends.  See 18 U.S.C. §§ 1341, 1349.  The district court[1] sentenced Coles to 97 months imprisonment after applying a four level sentencing enhancement for his role as an "organizer or leader" of the conspiracy.  See U.S.S.G. § 3B1.1(a).  Coles appeals, contending that the government failed to prove he was an organizer or leader.

In his plea agreement, Coles stipulated to the following facts.  He was employed as a buyer and inventory coordinator for a food packaging plant owned by Hearthside Food Solutions where his responsibilities included ordering parts, submitting purchase orders, and maintaining the parts inventory.  Coles admitted in the plea agreement that he had "concocted a scheme to fraudulently obtain money from [Hearthside] by submitting false invoices to [Hearthside] for industrial supplies and parts purportedly supplied by several fictitious industrial supply companies."  After six associates created the front companies, Coles submitted fraudulent purchase orders from them. The six associates who subsequently received their payments from Hearthside shared the funds with Coles.  The scheme defrauded Hearthside of over $1.8 million.

We review de novo the district court's application of the guidelines and review its factual findings, including its determination of the defendant's role in the offense, for clear error.  United States v. Gaines, 639 F.3d 423, 427–28 (8th Cir. 2011).  "We interpret the terms 'organizer' and 'leader' broadly."  United States v. Adetiloye, 716 F.3d 1030, 1037 (8th Cir. 2013).  To determine whether a defendant was an "organizer or leader," we consider factors including

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, cmt. n. 4.

The admissions in Coles' plea agreement were sufficient to show by a preponderance of the evidence that he was an organizer or leader of the conspiracy under § 3B1.1. The nature of his participation in the conspiracy was central and significant because he was the only conspirator who was an insider at Hearthside. He "concocted" the scheme, and then with knowledge about Hearthside's purchase order system and access to it, he submitted the purchase orders. Coles exercised decision making authority because he would make the final decisions of which purchase orders to submit from front companies and when. His own admissions show he had a high "degree of participation in planning or organizing the offense." U.S.S.G. § 3B1.1, cmt. n. 4. The district court thus did not clearly err in finding that Coles was an organizer or leader.

The remaining arguments raised by Coles are meritless. He contends the district court erred by considering certain documents not admitted into evidence at sentencing, but the admissions in his own plea agreement support application of the enhancement. He also argues that the government did not meet its burden to show that he in fact recruited the other members of the conspiracy. "Recruitment" is however only one factor in our analysis of whether a person is an organizer or leader of a criminal activity. U.S.S.G. § 3B1.1, cmt. n. 4. Finally, Coles argues the government did not prove the conspiracy had five or more participants or was otherwise extensive. See id. § 3B1.1(a). This claim is belied by Coles' guilty plea to a conspiracy involving six other individuals.

For these reasons we affirm Coles' sentence.

_____